## Harrington, to the use of Cooke, *versus* Gable.

1. Judgment was entered against husband and wife on a note and warrant of attorney signed by them ; after his death, on a scire facias against the wife and his administrators, judgment by default taken against her was opened upon affidavit that she had not signed the note, and in the issue to try the question it was agreed that the note should stand as a declaration and defendant plead non-assumpsit. On the trial of the issue, the note and record of its entry were not admissible without evidence of the execution of the note.

2. The subscribing witness testified that he did not see the wife sign the note. Secondary evidence was admissible—without calling the wife or giving proof of her handwriting—of her acts and declarations, for the purpose of showing that she had signed the note.

3. Evidence that before the date of the note, the wife had contracted with the obligee for a piece of land, and had agreed to give a note for the price, that she had accepted the deed, and was in possession of the land, and on the delivery of the deed the note with her name to it was delivered by her husband to the obligee, and that afterwards, she and her husband called on

[Harrington *v.* Gable.]

the obligee and paid $100 on the note; was admissible on the question of her execution of the note.

4. The secondary evidence in the case required the submission of the note to the jury on the question of its execution by the wife.

5. There is no difference as to the admissibility of this kind of evidence, between direct and incidental admissions.

MARCH 17th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Bradford county*: Of January Term 1876, No. 132.

On the 11th of May 1868, judgment was entered in the Court of Common Pleas in favor of William Harrington, to the use of William Cook, against Elizabeth B. Gable and Ferdinand Gable, on the following note, &c. :—

"April 1st 1868.

"Six years after date, for value received, we promise to pay William Harrington, or bearer, seven hundred and sixty-two dollars and twenty-four cents, payable as follows: * * * with interest, and without defalcation, waiving stay of execution, right of appeal, errors, inquisition and exemption laws, prior to this date. And we hereby authorize the prothonotary or an attorney of any court of record in Pennsylvania, or elsewhere, to confess judgment against us for the above sum, interest and costs, and costs of entering judgment on this note.  Witness our hands and seals this fifth day of April, one thousand eight hundred and sixty-seven.

ELIZABETH B. GABLE [SEAL].
FERDINAND GABLE [SEAL]."

"Witness present: I. S. PARKER [SEAL]."

On the 9th of May 1873, a scire facias was issued on this judgment, viz.: "William Harrington, to the use of William Cook, against Elizabeth B. Gable and Ferdinand B. Gable—Ferdinand Gable now deceased—H. S. Gable and Elizabeth B. Gable, administrators of Ferdinand Gable's estate."   Judgment was taken December 8th 1873 by default for want of a plea and affidavit of defence against Elizabeth B. Gable for $900.85.

On the 11th of December 1873 an affidavit of Henry S. Gable, the son of Mrs. Gable, was filed, setting out, amongst other things, "that at the time of giving said note and the entry of judgment on the same, the said Elizabeth was the wife of Ferdinand Gable; that he is informed by his mother and believes that she never signed said note or authorized any person to sign for her," &c.

On this affidavit a rule was granted to show cause why the judgment should not be opened and Mrs. Gable let into a defence. The rule was made absolute February 7th 1874.  By agreement of parties the case was put at issue, "the note to stand as a declaration in the case and defendant pleads payment with leave," &c.

[Harrington *v.* Gable.]

The plea of payment was afterwards withdrawn and defendants pleaded " non-assumpsit." ·

The case was tried December 14th 1875, before Ingham, P. J., of the 44th district.

1. The plaintiff offered the note and record of entry in evidence without proof of its execution, it " being the note agreed upon in the issue framed to stand as the declaration in the issue."

The offer was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

Plaintiff then called Isaac S. Parker, the subscribing witness, who testified that Mrs. Gable's name was not to the note when he subscribed it. Harrington wanted witness " to put his name there, for he had to have a witness ;" witness did not want to sign it, it might make him some trouble. Mr. Gable said it would make him no trouble, he had been buying a piece of land, he was to take the note home and have his wife sign it ; neither Gable's name nor his wife's were to the note ; witness saw Gable put his name on the stamps ; Harrington had the paper the first time witness had seen it ; Harrington and Gable came down stairs together. Witness never saw the note afterward till the time they took depositions on the rule.

Betsey Strope testified that she had a conversation with Mrs. Gable about a land transaction with Harrington ; she said she did not sign the note, she never put her name but to one paper, she did not say what paper she signed, but it was to Harrington. She afterwards said she did not sign the note, but another paper, which she described.

George Strope, who was present at the conversation mentioned by the preceding witness, testified to the same circumstances.

Jane Decker testified that Mrs. Gable told her that she and her husband had bought land from Harrington and given him their obligation for it, and that the deed for the land was made to her.

J. B. Perry testified that he heard Mr. and Mrs. Gable talking about land they had purchased ; she said she was sorry they had bought the land ; if she had not been foolish she would not have signed the paper.

Cook, the use plaintiff, testified that Mrs. Gable paid him sums of money on the judgment at three different times ; she wished him to be easy ; she could not pay it as fast as it fell due ; she would pay what she could ; this was in the life of Mr. Gable ; she said she did not sign the note, but intended to pay it ; she signed but one paper ; thought it was a deed or contract.

Harrington testified that he never had any other paper signed by Mr. and Mrs. Gable except the note.

2. Plaintiff offered to prove that Mrs. Gable, prior to the date of the note, bargained with Harrington for a piece of land, and agreed to give her note to secure the purchase price of the land ;

[Harrington v. Gable.]

that in pursuance of this agreement Harrington executed a deed for the land and delivered the same to Elizabeth B. Gable; that she accepted the deed, and is now in possession of the land for which she agreed to give her note; that at the time the deed was delivered, the note in suit was delivered to witness signed by Elizabeth B. Gable, or with her name on said note.

The defendants objected to the offer, it was rejected by the court and a bill of exceptions sealed.

3. The plaintiff offered to prove that the husband of defendant delivered the note in suit to the plaintiff as executed, and that defendant subsequently called with her husband on plaintiff and paid $100 on said note.

The offer was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

4. The plaintiff, after having given the foregoing evidence, again offered the note; it was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

The plaintiff rested. The defendant offered no evidence.

The verdict was for the defendant.

The plaintiff took a writ of error and in several specifications assigned for error the rejection of his offers of evidence.

*Smith & Montanye* and *De Witt & Maynard*, for plaintiff in error.—Mrs. Gable's acts and conduct were evidence that the note was hers: Watson v. Brewster, 1 Barr 381. Mrs. Gable's acceptance of the deed for which she agreed to give the note estopped her from denying the note: Hill v. Epley, 7 Casey 334. She could not accept the beneficial part and reject remainder: Mundorff v. Wickersham, 13 P. F. Smith 87.

*H. W. Patrick*, for defendant in error.

Mr. Justice Woodward delivered the opinion of the court, March 27th 1876.

This was an issue directed by the court below to try the question whether the signature of Mrs. Gable, the defendant, to a judgment-note executed on the 1st of April 1868, in favor of William Harrington, was genuine. The note purported to have been signed by the defendant and her husband Ferdinand Gable, who has since died. It was for the sum of $762.24, payable with interest in specified instalments extending to the 1st of April 1874. On the trial, the allegation of the plaintiff was that Harrington had sold and conveyed a piece of land to the defendant upon her agreement to secure the purchase-money by a judgment, and that this note was given in pursuance of that agreement. The judgment was entered on the 11th of May 1868. On the 11th of December 1873, an application to open it was made under the affidavit of the

son of the defendant, that he had been informed by his mother, and believed, that she had never signed the note, and had never authorized any one to sign it for her. The rule to show cause why the judgment should not be opened, which was granted when the application was made, was made absolute on the 7th of February 1874.

At the trial of the issue, Isaac Parker, whose name was affixed to the note as a subscribing witness, was called to prove its execution. He testified that he subscribed it at the request of Harrington and Ferdinand Gable; that it had not then been signed by either Gable or his wife; that Harrington said he wanted his name there, for he had to have a witness; and that Gable said it would make the witness no trouble, as he had been buying a piece of land, and he was to take the note home and have his wife sign it. He did not see the paper afterwards until depositions were being taken in the controversy that had then arisen between these parties.

With the failure of the attempt to prove the execution of the instrument by the subscribing witness, the primary sources of evidence on behalf of the plaintiff had been exhausted. In view of the affidavit of her son that she had not signed the note, and of her own position as a contestant in the issue, it would have been a hazard to call the defendant, which the plaintiff was not bound to take. The difficulty in proving the handwriting of a lady in the position of Mrs. Gable by the testimony of witnesses called in the usual way, can readily be realized. A resort to secondary evidence to lay ground for the admission of the instrument was inevitable ; and that which was given, as well as much of that which was offered and rejected, was unobjectionable, for it carried on its face no indication that better evidence could have been obtained. Mr. Harrington testified that this note was the only paper signed by Gable and his wife that he had ever held. Mrs. Betsey Strope swore to two conversations with the defendant, in which the latter declared that she did not sign the note, but admitted that she had put her name to one paper that had been given to Mr. Harrington. George Strope heard one of the conversations with his mother, in which the defendant said she had never signed more than one paper for Mr. Harrington. Mrs. Jane Decker was told by the defendant that she and her husband had bought land of Harrington, and had given him their obligations for it. J. B. Perry heard Gable and his wife talk about the land they had purchased. She said she was sorry they had bought it, for it put them so much in debt, and that if she had not been foolish, she would not have signed the paper. William Cook, the plaintiff, swore to three payments made by the defendant, on account of the note, in the lifetime of her husband. There was enough in this testimony to require the submission of the instrument to the jury. It was for them to say, in view of the statement of Harrington

[Harrington v. Gable.]

that he had received no other than this paper in the nature of an obligation from the defendant, and in view of the evidence of her admission that she had executed *one* paper in the nature of an obligation in his favor, whether this note was the paper to which they both referred. The testimony, it is true, indistinctly indicated the facts sought to be established; but there would have been no room for the controversy from the outset, if it had been direct and clear. The truth as to the rights of the parties must be found by following such lights as the surroundings of the case afford. There is no difference as to the admissibility of this kind of evidence between direct admissions and those which are incidental, or made in some other connection, or involved in the admission of some other fact: 1 Greenleaf's Ev., § 194.

The plaintiff was entitled to show, in connection with the evidence which the court admitted, not only the note itself, but the sale and conveyance of the land by Harrington to Mrs. Gable, her acceptance of the deed, her possession of the land, her agreement to execute a note for the purchase-money, the delivery by her husband to Harrington of the note in suit with her name signed to it, and the fact that she went with her husband subsequently to the plaintiff and made a payment of one hundred dollars. With the eventual effect of the testimony on the minds of the jury, the court would have nothing to do. The circumstances under which Parker subscribed his name as a witness before the note was executed, might have afforded ground for suspicion and distrust. The fact itself was certainly unusual, and was capable of producing mischievous results. But all such considerations it was for the jury to weigh. The duty of the court was to receive the evidence. The second, third and fourth assignments of error are sustained.

The offer of the note and of the record of the judgment at the opening of the cause was premature, and was properly rejected.

Judgment reversed, and *venire facias de novo* awarded.